UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AVA CLARK,

Plaintiff,

v.

KEY MANAGEMENT GROUP, INC. (CA), et al.,

Defendants.

Case No. 2:26-cv-02949-CSK

ORDER DENYING PLAINTIFF'S PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM

(ECF No. 4)

Pending before the Court is Plaintiff Ava Clark's petition for the appointment of her mother, Alicia Coleman-Clark, as guardian *ad litem* for Plaintiff.[1] (ECF No. 4.) No opposition has been filed to the petition. For the reasons that follow, the Court denies Plaintiff's petition without prejudice.

## I. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 17, a representative of a minor or incompetent person may sue or defend on the minor or incompetent person's behalf. Fed. R. Civ. P. 17(c). In addition, a court "must appoint a guardian ad litem—or issue

[1] This case proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) for all purposes, including the entry of judgment, pursuant to the consent of all parties. (ECF No. 8.)

another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).

The appointment of a guardian *ad litem* is more than a mere formality. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). "Fed. R. Civ. P. 17(c) requires a court to take whatever measures it deems proper to protect an incompetent person during litigation." *Id.* "The Court's obligation to appoint a guardian ad litem or to issue another appropriate order under Rule 17(c) does not arise until after a determination of incompetence has been made by the court in which the issue is raised." *Brooks v. Premier Apartments LLC*, 2018 WL 11464786, at *1 (C.D. Cal. Nov. 27, 2018) (citation modified).

In determining competency, the Court must apply the following standard: "In California, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." *Golden Gate Way, LLC v. Stewart*, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012) (citing *In re Jessica G.*, 93 Cal. App. 4th 1180, 1186 (2001); Cal. Civ. Proc. Code § 372; *In re Sara D.*, 87 Cal. App. 4th 661, 666-67 (2001)). "Federal courts in this circuit have found that a broad range of evidence may inform the court's decision: a report of mental disability by a government agency, the sworn declaration of the person or those who know him, the representations of counsel, diagnosis of mental illness, a review of medical records, the person's age, illnesses, and general mental state, and the court's own observations of the person's behavior, including the person's manner and comments throughout the case that suggest he does not have a grasp on the nature and purpose of the proceedings." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1050 (E.D. Cal. 2015) (citation modified).

The guardian need not possess special qualifications, but she must "be truly dedicated to the best interests of the person on whose behalf [s]he seeks to litigate." *Id.* at 1054 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 150 (1990)). In the Eastern District of California, Local Rule 202(a) further provides, in relevant part:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c).

L.R. 202(a). Local Rule 202(c) also requires disclosure of the attorney's interest, providing the following:

> When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

L.R. 202(c).

## II. DISCUSSSSION

Here, Plaintiff's petition does not contain sufficient information for the Court to decide the motion. The motion fails to provide the disclosure of Plaintiff's counsel as required by Local Rule 202(c). (*See* ECF No. 4.) Nor does the motion contain sufficient information for the Court to determine that Plaintiff is "incompetent" under Rule 17. Plaintiff's petition states only that Plaintiff "is a disabled adult" and that "Alicia Coleman-Clark is Plaintiff's limited legal conservator." (*Id.* at 1.) Although these statements are followed by Alicia Coleman-Clark's attestation under penalty of perjury, Plaintiff's petition "contains no meaningful detail about her cognitive condition." *Doe v. El Dorado Cnty. Off. of Educ.*, 2025 WL 1505480, at *1 (E.D. Cal. May 27, 2025). "The Court will not appoint a guardian ad litem for an adult until it can make a finding regarding the adult's incompetence." *Brooks*, 2018 WL 11464786, at *2.

## III. CONCLUSION

In conclusion, IT IS HEREBY ORDERED THAT Plaintiff's petition for the

appointment of Alicia Coleman-Clark as guardian *ad litem* (ECF No. 4) is DENIED without prejudice.

Dated: October 30, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, clar.2949.26